IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PERRY MICHELSON </br> CHERYL MICHELSON </br> </br> Plaintiffs, </br> </br> v. </br> </br> UNITED STATES OF AMERICA, </br> </br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) No: 1:07-cv-690 </br> ) </br> ) </br> ) </br> ) |

## UNITED STATES' MOTION TO VACATE ENTRY OF DEFAULT
## AND TO DISMISS COMPLAINT

DEFENDANT, the United States of America, moves the Court to vacate the August 22, 2007 entry of default against the United States and to dismiss plaintiffs' complaint on the grounds that plaintiffs 1) failed to serve the Internal Revenue Service; 2) failed to state actionable claims under § 7433; and 3) failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: September 25, 2007          Respectfully submitted,

/s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866
Email: pat.genis@usdoj.gov

2753341.2

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PERRY MICHELSON )<br>CHERYL MICHELSON )<br>    )<br>    Plaintiffs,    )<br>    )<br>v.    )<br>    )<br>UNITED STATES OF AMERICA,    )<br>    )<br>    Defendant.    ) | No: 1:07-cv-690 |

**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO VACATE
ENTRY OF DEFAULT AND TO DISMISS COMPLAINT**

This is a civil action in which plaintiffs allege that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code and regulations promulgated under the Code. Plaintiffs seek damages for "each disregard." The default judgment should be vacated and the complaint dismissed because 1) plaintiffs failed to properly serve the Internal Revenue Service; 2) most of the counts in the complaint do not involve collection activities and thus fall outside of § 7433's limited waiver of sovereign immunity; and 3) those counts arguably within § 7433 fail to state a claim upon which relief can be granted.

STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Perry and Cheryl Michelson, filed this complaint on April 16, 2007. Plaintiffs served the United States Attorney General and the United States Attorney for the District of Columbia on May 14, 2007. Plaintiffs did

not serve the Internal Revenue Service. On August 22, 2007, the Clerk entered a default judgment against the United States.

2. <u>Relief sought and allegations in the complaint</u>. The complaint seeks damages under 26 U.S.C. § 7433. (Compl. at 18). Plaintiffs have organized their complaint into 41 purported "counts" of alleged wrongdoing by the Internal Revenue Service. In each count, plaintiffs make no factual allegations, but merely restate statutory language and assert that the Internal Revenue Service has failed to implement certain statutes and regulations.

## ARGUMENT

**I.     This Court Lacks Personal Jurisdiction Because Plaintiffs Failed to Properly Serve the United States.**

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(i); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D. D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiffs served the United States Attorney General and the United States Attorney for the District of Columbia; plaintiffs, however, failed to serve the Internal Revenue Service. Rule 4(i)(1) requires that an agency must be served "in any action attacking the validity of an order of an . . . agency of the United States not made a party [to the suit]" Fed. R. Civ. P. 4(i)(1)(C). Section 7433 allows a taxpayer to commence a legal action attacking a determination by the Internal Revenue Service when either of two events occurs: 1) when the Internal Revenue Service issues a determination letter; or 2) upon the lapse of six months from the time a taxpayer files an administrative claim for damages. *See* 26 C.F.R. § 301.7433-1(d)(1); *Lindsey v. United States*, 448 F.Supp.2d 37, 53 (D. D.C. 2006).

2753341.2                                           - 4 -

Plaintiffs do not state whether they received a determination letter or whether they filed an administrative claim for damages. If they received a determination letter, that letter constitutes the "order" which they are attacking and they must serve the Internal Revenue Service. Fed. R. Civ. P. 4(i)(1)(C). If they did not receive a determination letter and filed an administrative claim, then a lapse of six months from the date the claim was filed constitutes a final agency decision in lieu of the determination letter. Again, the Internal Revenue Service must be served. *Id.; Lindsey* 448 F.Supp.2d at 53. If they did not receive a determination letter, and did not file an administrative claim, then they have failed to exhaust their administrative remedies and the suit must be dismissed. 26 U.S.C. § 7433; 26 C.F.R. § 301.7433-1(e); *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994).

## II. This Court Lacks Subject Matter Jurisdiction Over Most Counts in the Complaint Because They Do Not Involve Collection Activities.

A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *E.g., Martens v. United States,* No. 05-1805, 2007 WL 2007580, at *1 (D. D.C. July 6, 2007). In a suit against the United States, a plaintiff must demonstrate that Congress has explicitly waived its immunity from suit. *See, e.g., Block v. North Dakota*, 461 U.S. 273 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress.") Here, plaintiffs assert that the Court has jurisdiction under the Administrative Procedures Act ("APA") to "compel agency action unlawfully withheld or unreasonably denied . . . and to hold unlawful" any agency act not in accordance with the Internal Revenue Code. (Compl.,

Jurisdiction, at 3). Any action brought under the APA, however, is barred if it concerns the assessment or collection of federal taxes. *See Murphy v. Internal Revenue* Service, 493 F.3d 170, 174 (D.C. Cir. 2007); *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987). Moreover, the APA does not waive sovereign immunity with respect to suits for money damages. *See, e.g. Buaiz v. United States*, 471 F.Supp.2d 129, 138 (D. D.C. 2007). Thus, the Court lacks subject matter jurisdiction under the APA.

Plaintiffs also assert that the court can award damages pursuant to § 7433 of the Internal Revenue Code. (Compl. at 3). However, § 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz*, 471 F.Supp.2d at 137 ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that Internal Revenue Service incorrectly computed Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for Section 7433 claim).

Accordingly, all allegations in plaintiff's complaint which involve *non-collection* activities are not cognizable under § 7433, and must be dismissed. These non-collection

activities are found in counts alleging violations of notice of record-keeping requirements (counts 1-2); preparation of substitutes for returns for taxpayers who fail to file tax returns (counts 3-8); failure to disclose returns and return information (count 9); use of taxpayer identification numbers (count 10); assessment of taxes (counts 11-17); failure to implement Internal Revenue Code sections (count 18, 20-26, 28-29, 34, 37-38); and failure to verify that a supervisor approved the initial penalty determination (count 33).

### III. The Court Should Dismiss Plaintiffs' Remaining Claims for Failure to State a Claim Upon Which Relief Can Be Granted.

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks $10,000 for each alleged disregard of statutory requirements. (Compl., Remedy Sought, at 18.) Plaintiffs' complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim, and should be dismissed under Fed. R. Civ. P. 12(b)(6).

A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, the complaint must also give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Plaintiffs' complaint merely restates statutory language and alleges no facts to support a claim for damages. Since plaintiffs' compliant fails to provide either notice of the basis of their claims or the grounds upon which they rest, this court should conclude that plaintiffs

have not, in fact or law, stated a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

Plaintiffs allege only seven counts that arguably relate to collections. These counts allege that the Internal Revenue Service has 1) exceeded the limits imposed on its authority to collect taxes by failing to implement certain procedures (count 19); 2) failed to give notice and demand payment within 60 days after making an assessment (count 27); 3) engaged in abusive or oppressive conduct while collecting unpaid taxes (count 30); 4) failed to hold a hearing before levy (count 31); 5) asserted a lien without giving proper notice (count 32); 6) asserted liens without proper assessments (count 35); and 7) failed to certify notice(s) of lien(s) (count 36).

Plaintiff's allegations, each of which is discussed below, have no factual support whatsoever that sets forth the basis of their claims and shows that plaintiffs are entitled to relief. Thus, these allegations fail to state a claim upon which relief can be granted.

First, in count 19, plaintiff alleges that the Internal Revenue Service disregarded § 6301 of the Internal Revenue Code by failing to implement and develop procedures that 1) ensure that supervisors review an employees determination to file liens and levies; 2) provide for disciplinary action when those procedures are not followed; and 3) certify that the employee has (a) reviewed the taxpayer's information, (b) verified that a balance is due, and (c) affirmed that the action taken is appropriate given the taxpayer's circumstances.1/ (Compl., Count 19 at 10-11). Plaintiffs have only parroted language

---

1/ It is worth noting that contrary to what is stated in the complaint, neither § 6301 nor 112 Stat. 758 (1998) require "a certification that the employee has (1) reviewed

2753341.2                                  - 8 -

from a statute and have provided no factual basis for this allegation and no information from which the court can conclude that they are entitled to relief.

Second, in count 27, plaintiffs state the Internal Revenue Service failed to "within 60 days after the making of an assessment . . . give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof." (Compl., count 27 at 13). Again, the complaint is devoid of any factual basis and the defendant is unable to determine the grounds for the complaint. Plaintiffs do not even aver that an assessment was made. And, it is unknown if they are alleging that notice was never given, or if it was late. Assuming that the notice was timely given, it cannot be ascertained from the complaint whether plaintiffs are alleging that the notice failed to demand payment, misstated the amount, or was only submitted to one plaintiff while both are liable for the unpaid tax. Again, plaintiffs fail to provide any factual information to form a basis for their complaint.

Third, plaintiffs allege that the Internal Revenue Service engaged in abusive or oppressive conduct while collecting unpaid taxes. (Compl., count 30 at 14). 26 U. S. C. 6304(b) states that "[t]he Secretary may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax." However, plaintiffs merely recite the statutory language, without providing any information about the conduct of the Internal Revenue Service

---

the taxpayer's information; (2) verified that a balance is due; and (3) affirmed that the action . . . is appropriate." (Compl. At 10-11). The statute states only that "the review process under subsection (a)(1) *may* include [such certification]" 112 Stat. 758 (a)(1) (emphasis added).

2753341.2                                         - 9 -

and how that conduct is cognizable under the statute. *See Wesselman v. United States*, 2007 WL 2332321 (D. D.C. 2007) (merely parroting the language of §6304(b) insufficient to survive motion to dismiss).

Fourth, plaintiffs allege that employees of the Internal Revenue Service failed to hold a hearing "in conjunction with" § 6330. (Compl., count 31 at 14). § 6330 requires that a before a levy is made, notice be given at least thirty days in advance. Moreover, the notice must inform a person that they can request a hearing during the 30-day period between notice and the levy. A hearing is *not* required under any subsection of § 6330 as the complaint implies unless it has been requested. Plaintiffs fail to state if they received notice of a levy, if the notice contained information about their right to request a hearing, or if they did in fact request a hearing. There are simply no facts in the complaint to give defendant "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz*, 534 U.S. at 507.

Fifth, plaintiffs allege that Internal Revenue Service employees asserted a lien without giving proper notice and without making demand. (Compl., count 32 at 15). The plaintiffs again make a bare assertion devoid of factual support. The Court cannot determine what lien, if any, the plaintiffs are asserting was made, for which period the lien was asserted, whether a notice of a federal tax lien was filed, how the notice was allegedly deficient, or any other fact which would entitle plaintiffs to relief.

Sixth, plaintiffs allege that Internal Revenue Service employees asserted liens for which no assessment was made in accordance with Internal Revenue Code § 6203 and

Federal Tax Regulation 301.6203-1.  (Compl., count 35 at 15).  The Court cannot determine what liens, if any, were made; for which period(s) the liens were asserted; and whether plaintiffs claim there was no assessments made or whether the assessments somehow ran afoul of § 6203.  If the latter, the Court cannot determine how the assessments allegedly were made contrary to § 6203.

Seventh, plaintiffs allege that Internal Revenue Service employees "failed to certify notice(s) of lien(s)."  (Compl., count 36, at 16).  The Court cannot determine what lien(s), if any, the plaintiffs are referring to, for which period the lien(s) was asserted, or any other fact which would entitle plaintiffs to relief.

Based on the discussion above, plaintiff's allegations that the Internal Revenue Service engaged in unauthorized collection activities have no merit.  In none of the allegations have the plaintiffs provided any information whatsoever to demonstrate their right to relief.  Accordingly, they have failed to state a claim upon which relief can be granted, and this Court should dismiss the complaint.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1964-65.

## CONCLUSION

Plaintiffs failed to properly serve the United States because they did not serve the Internal Revenue Service.  Moreover, plaintiffs' claims which do not allege collection activities must be dismissed for lack of jurisdiction.  The six allegations that purport to allege collection activities are completely devoid of fact or information from which the Court can conclude that plaintiff is entitled to relief under § 7433.  Thus, the complaint

must be dismissed for lack of jurisdiction and for failure to state a claim for which relief can be granted.

DATE: September 25, 2007                Respectfully submitted,

                                        /s/ Pat S. Genis
                                        PAT S. GENIS, # 446244
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC 20044
                                        Tel./FAX:  (202) 307-6390/614-6866
                                        Email: pat.genis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PERRY MICHELSON | ) | |
| CHERYL MICHELSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No: 1:07-cv-690 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that service of the foregoing MOTION TO VACATE ENTRY OF DEFAULT AND TO DISMISS COMPLAINT and proposed ORDER has been made this 25th day of September, 2007, by mailing, postage prepaid, addressed to:

> Perry Michelson
> Cheryl Michelson
> 377 East 2400 Road
> Edgerton, Kansas 66021

> /s/ Pat S. Genis
> PAT S. GENIS, # 446244
> U.S. Department of Justice
> Post Office Box 227
> Ben Franklin Station
> Washington, D.C. 20044
> Telephone: (202) 307-6390

2753341.2                                              - 13 -

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PERRY MICHELSON<br>CHERYL MICHELSON<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   No: 1:07-cv-690<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

Having considered the United States' motion to vacate entry of default against the United States and to dismiss plaintiff's complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

ORDERED that the entry of default is VACATED;

ORDERED that defendant's motion to dismiss be and is GRANTED;

ORDERED that plaintiff' complaint be and is DISMISSED;

ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

COPIES TO:

PAT S. GENIS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, DC 20044

Perry Michelson
Cheryl Michelson
377 East 2400 Road
Edgerton, Kansas 66021

2760079.1